UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-163-H

PATRICIA WILLIAMS                                                                                       PLAINTIFF

V.

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia Williams ("Plaintiff") filed this lawsuit against Defendant Expeditors International of Washington, Inc. ("Defendant") alleging violations of the Kentucky Civil Rights Act ("KCRA") and state overtime laws. Ky. Rev. Stat. Ann. §§ 344; 337.285. By memorandum opinion and order of August 13, 2008, this Court entered summary judgment in Defendant's favor on Plaintiff's KCRA claims, dismissing them with prejudice. *Williams v. Expeditors Int'l of Wash., Inc.*, No. 3:07-CV-00163 (W.D. Ky. Aug. 13 2008). On August 19, 2008, the Court convened a telephonic conference to discuss the remaining state law claim for overtime wages, a claim in which Plaintiff alleges her entitlement to overtime wages during the time she worked for Defendant as an "in-house" employee at General Electric ("GE").

During the telephonic conference, Plaintiff's counsel conceded that regardless of whether Defendant labeled Plaintiff "exempt" or "non-exempt" in its own records, unless the evidence demonstrates that Plaintiff received hourly wages, as opposed to a salary, she was properly classified as an exempt employee under Kentucky's wage and hour laws and regulations and

therefore not entitled to overtime pay while working as an in-house employee on the premises of GE.[1] During the conference, Defendant represented that the payroll records, which are not part` of the record before the Court, demonstrate that Plaintiff received a salary while she worked in-house at GE. The Court granted Plaintiff ten days to provide additional facts or law relevant to the wage claim.

Neither side has filed any additional facts or law to supplement the Court's analysis. It was clear from the conference that some response was necessary in order to maintain the statutory claim. Thus the undisputed facts before the Court demonstrate that Defendant has satisfied the requirements of an exempt employee under Kentucky law. The absence of evidence supporting a conclusion that Defendant violated Kentucky's wage and hour laws claim compels judgment as a matter of law in Defendant's favor.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED with respect to Plaintiff's claim for overtime wages and that claim is DISMISSED

---

[1]Though Kentucky law provides that employers must pay overtime to employees who work over forty hours per week, persons working in a bona fide executive, administrative, supervisory, or professional capacity are not "employees" subject to the overtime provisions. *See* Ky. Rev. Stat. Ann. § 337.010(2)(a)2. Kentucky Administrative Regulations define an employee in a bona fide administrative capacity to be a person:

(a) Compensated on a salary or fee basis at a rate of not less than $455 per week, exclusive of board, lodging, or other facilities;

(b) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;

and

(c) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

803 Ky. Admin. Regs. 1:070 Section 3.

WITH PREJUDICE.

        This is a final and appealable order.

cc:    Counsel of Record